Nott, J.,
delivered tbe opinion of tbe court:
By tbe Act 10th June, 1874 (18 Stat. L., p. 72, §1), 11 only actual traveling expenses” were “allowed to any person bolding employment or appointment under tbe United States.” By tbe Act 30th June, 1876 (19 Stat. L., p. 65), so much of tbe preceding act as was “ applicable to officers of tbe Navy ” was “ repealed,” “ and the sum of 8 cents per mile” was “allowedrsuch officers ” “ in lieu of their actual expenses.” In the present case, where a naval officer was ordered to proceed from Callao to Washington, a pqrt of tbe journey was made under tbe one statute and tbe remainder under tbe other; and tbe question presented by the case is whether tbe officer should be re-imbursed according to tbe law as it existed when the order to travel was given, or according to tbe law as it existed when tbe service of travel was completed, or whether tbe expenses should bo re-imbursed according to tbe law actually existing at tbe time that each portion of tbe journey was made.
The court acknowledges that this question, though trivial, is not free from doubt 5 that there is neither precedent nor analogy which can be deferred to as authority; and that tbe question is one as to which different minds will reach different conclusions. Butthecourtisof theopiniontliatthere-imbursement of an officer in such a case should be apportioned under both statutes, so that be shall receive mileage for that portion of bis journey which was performed uuder the mileage act, and bis actual expenses for that portion which was performed under the other *106 statute. In the present casetbe difference between the amount of the mileage from Callao to Washington and the actual expenses already refunded to the officer is $111.40; and the court, for want of more minute data, will apportion this balance so that the officer shall recover such proportion of it as the distance from Panama to Washington bears to the whole distance from Callao.
The judgment of the court is that the claimant recover $74.